[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Lauren B. O'Neal, brings this suit against her former employer, Stew Leonard's, a Connecticut corporation located in Norwalk, claiming that she was discharged because she filed a worker's compensation claim against the defendant. General Statutes S 31-290 (a) prohibits an employer from discharging or discriminating against an employee who has filed a claim for benefits under the Worker's Compensation Act.
The case was referred to the attorney trial referee program, General Statutes S 52-434 (a) 4; Practice Book S 428 et seq.; and the attorney trial referee, Howard C. Kaplan, Esq., recommended that judgment enter in favor of the defendant.
In his report the referee made a number of findings of fact including: (i) that the plaintiff did not show up to work in the defendant's bakery department from July 6, 1988 to July 19, 1988, nor did she advise her supervisors that she was not coming in to CT Page 7681 work; (ii) that her supervisors attempted to call her at home without success; (iii) that she came back to work on July 20, 1988, was warned about absenteeism and the necessity of calling in if she could not work, but was permitted to resume employment; (iv) that on August 1, 1988 plaintiff advised her supervisors that she had injured her back, but that she did not wish to go to a doctor or fill out an accident report, and she continued to work that day; (v) that when she told another supervisor on August 3, 1988 about the August 1 injury, she was sent to a medical care center, and the plaintiff thereafter advised the defendant that she would be out of work for three days due to this injury, (vi) that she did not come back to work after three days, did not contact her supervisors, and calls to her home were never successful; (vii) that she was terminated by the defendant on August 20, 1988) and five days later, on August 25, 1988, plaintiff filed a notice of a worker's compensation claim; and (viii) that the defendant's employee manual provides that if an employee is not able to work, the employer must be advised the evening before or at least two hours before starting time.
On the basis of these findings the referee concluded: (i) that the plaintiff did not comply with the employee handbook in that she failed to notify the defendant of the fact that she would be absent or of the reason for her absence either in July or in August after she asked for these days off to recover from her injury; (ii) that she was discharged for absenteeism and not for filing a worker's compensation claim; and (iii) that she had not sustained her burden of proving that the defendant had unlawfully discriminated against her, as set forth in Ford v. Blue Cross and Blue Shield of Connecticut. Inc., 216 Conn. 40,53-56, 578 A.2d 1054 (1990).
The plaintiff did not file a motion to correct, Practice Book S 438; exceptions pursuant to Practice Book S 439; or objections, Practice Book S 440.
This court's review of an attorney trial referee's recommendations is limited. As was said in Wilson Trucking, Inc. v. Mansour Builders. Inc., 20 Conn. App. 420, 423, 567 A.2d 1250
(1989), cert. denied, 204 Conn. 804, 573 A.2d 318 (1990), "A reviewing authority may not substitute its findings for those of the trier of fact." See also Dills v. Enfield, 210 Conn. 705,714, 557 A.2d 517 (1989).
Based on the applicable standard of review, the referee's recommendations are accepted. I find no material error in his report or any other reason why it is unacceptable. Practice Book S 443. In the words of Practice Book S 440, his "conclusions of fact" were, in my opinion, "properly reached on the basis of the subordinate facts found." Therefore, judgment may enter in favor CT Page 7682 of the defendant.
So Ordered.
Dated at Stamford, Connecticut this 12th day of September, 1991.
WILLIAM B. LEWIS, JUDGE